NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

THOMAS JAMES ODOM, *Petitioner*.

No. 1 CA-CR 21-0537 PRPC
FILED 9-15-2022

Petition for Review from the Superior Court in Maricopa County
No. CR2010-121445-001
The Honorable Patricia A. Starr, Judge

**REVIEW GRANTED; RELIEF GRANTED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Julie A. Done, Jay Rademacher
*Counsel for Respondent*

Zhivago Law, PLLC, Phoenix
By Kerrie Droban Zhivago
*Counsel for Petitioner*

Arizona Justice Project, Phoenix
By Karen S. Smith, Randal McDonald
*Counsel for Amicus Curiae Arizona Justice Project*

---

**MEMORANDUM DECISION**

Vice Chief Judge David B. Gass delivered the decision of the court, in which Presiding Judge Paul J. McMurdie and Judge Angela K. Paton joined.

---

**G A S S**, Vice Chief Judge:

¶1 Thomas James Odom petitions for review from the superior court's summary dismissal of his petition for post-conviction relief under Rule 32, Arizona Rules of Criminal Procedure. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. § 13-4239.C and Ariz. R. Crim. P. 32.16. We grant review. To the extent we remand for an evidentiary hearing under *State v. Valencia*, 241 Ariz. 206, 210, ¶ 18 (2016), we also grant relief.

¶2 In 2011, a jury convicted Odom of first-degree murder, an offense he committed when he was sixteen years old. The superior court imposed a term of natural life in prison without the possibility of release.

¶3 In *Miller v. Alabama*, 567 U.S. 460 (2012), the United States Supreme Court held "mandatory life-without-parole sentences for juveniles violate the Eighth Amendment." *Miller*, 567 U.S. at 470. The United States Supreme Court's opinion in *Montgomery v. Louisiana*, 577 U.S. 190 (2016) declared *Miller* applied retroactively. Relying on *Montgomery*, Odom initiated a post-conviction relief proceeding challenging the constitutionality of his natural life sentence. At that time, the State conceded the Arizona Supreme Court's *Valencia* opinion—holding defendants were entitled to an evidentiary hearing on post-conviction petitions—entitled Odom to an evidentiary hearing to address whether his crime reflected transient immaturity. *See Valencia*, 241 Ariz. at 210, ¶ 18. The State, however, did not concede the evidence would show Odom was entitled to resentencing under *Miller* and *Montgomery*.

¶4 Before the superior court could hold the evidentiary hearing, the United States Supreme Court issued its opinion in *Jones v. Mississippi*, 141 S. Ct. 1307 (2021), and the State moved to vacate the hearing and dismiss the post-conviction relief proceeding. The superior court granted the motion and summarily dismissed Odom's petition for post-conviction relief, finding *Jones* disavowed the *Valencia* court's application of *Miller* and

*Montgomery* and the current law no longer required an evidentiary hearing. Odom timely petitioned for review.

**¶5** This court recently addressed this issue and ruled *Jones* neither modified nor implicitly overruled the *Valencia* court's application of *Miller* and *Montgomery*. *See State v. Wagner*, 253 Ariz. 201, 205, ¶¶ 20–21 (App. 2022). In *Wagner*, this court remanded for a *Valencia* evidentiary hearing. *Id*. at 202, ¶ 1. We agree *Valencia* is still good law, and we decline to revisit the *Wagner* holding in this case.

**¶6** Even so, courts throughout Arizona have applied *Jones* differently. Indeed, if not for the *Valencia* precedent, we would affirm the superior court's dismissal here because both the *Miller* and *Montgomery* requirements were met. It would be helpful for the Arizona Supreme Court to clarify whether it required *Valencia* hearings only based on its pre-*Jones* reading of *Miller* and *Montgomery* or wants to continue requiring the superior court to hold *Valencia* hearings in light of *Jones*. *See Willis v. Bernini ex rel. Cnty. of Pima*, ___ Ariz. ___, ___, ¶ 21, 515 P.3d ___, 2022 WL 3453194 at *4 (2022) (recognizing the Arizona Supreme Court "may independently interpret and apply provisions of the Arizona Constitution in a manner that affords greater protection to individual rights than their federal counterparts") (citation omitted).

**¶7** We vacate the superior court's dismissal of Odom's petition for post-conviction relief and remand for the superior court to conduct an evidentiary hearing to determine whether the crime reflected transient immaturity under *Valencia*.



AMY M. WOOD • Clerk of the Court
FILED:    AA